CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
AUG 10 2005
JOHN F. CORCORAN, CLERK
BY: /s/ [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROGER W. MITCHELL,<br><br>*Plaintiff,*<br><br>v.<br><br>TOWN OF CULPEPER, ET AL,<br><br>*Defendants.* | CIVIL ACTION NO. 3:04-CV-00096<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

Before the Court is Defendants' Motion to Dismiss Counts II and III of the Complaint. For the reasons set forth below, the Court shall grant Defendant's motion.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

According to the complaint, Mitchell became the Treasurer of the Town of Culpeper in 1991, and performed his duties without incident until 2003. Plaintiff's troubles began when on August 12, 2003, he spoke out as a landowner at a Town Council meeting in opposition to a proposed zoning ordinance, which was to affect his interests as a real estate investor. Later in August, Mitchell received an unfavorable job evaluation. When Plaintiff asked the Town Manager what had caused the lower scores, the Town Manager replied that the Town Council

1

had adjusted Plaintiff's original high scores and suggested that the Treasurer's investment in real estate was a conflict of interest.

On January 13, 2004, Mitchell again spoke as a landowner at a Town Council meeting in opposition to the zoning ordinance. On January 20, 2004, the Town Council convened a closed session and invited Plaintiff, apparently without informing him of the meeting's purpose. At the meeting, the Council asked Mitchell about his interpersonal relations with staff and conducting personal business on Town time, but did not cite any specific examples of problematic behavior. Plaintiff did not have any knowledge of such problems. After the meeting, Plaintiff was placed on a ninety-day probation period.

On February 11, 2004, the day after a Town meeting, the Mayor and Town Manager allegedly met with Mitchell and told him that his real estate activities posed a conflict of interest for his duties as Treasurer. After this exchange, Plaintiff provided the Council with evidence that he had a financial interest in the property long before the current proceedings. Plaintiff thought that such evidence would resolve the issue.

After Plaintiff's probation period ended, the Town had a closed meeting on May 11, 2005, to review the probation. Afterwards, the Town Manager apparently informed Plaintiff, who was not invited to the meeting, that his probation had been extended for another ninety days. However, on May 17, 2005, the Town Manager called Mitchell into his office, and along with an attorney and the Mayor, told Plaintiff that he was fired because the Council had lost confidence in his ability to serve as treasurer.

Plaintiff filed suit claiming that 1) the Town infringed upon his First Amendment rights by punishing him for speaking in the public interest; 2) the Town violated his right to substantive

2

due process; and 3) the Town violated his right to procedural due process and in doing so, the Town Council conspired with certain unnamed outsiders in violation of 42 U.S.C. § 1985(3). Defendants have moved to dismiss Counts II and III.

## II. ANALYSIS

For the purposes of a motion to dismiss, the well-pleaded allegations in the complaint are taken as true, and construed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974), *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, a court is not required to accept any legal conclusions offered by the plaintiff in the complaint. *United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979). A complaint will not be dismissed for a failure to state a claim unless "the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957).

### A. Procedural Due Process:

Mitchell argues that the Town deprived him of his Fourteenth Amendment right to due process by firing him without a proper hearing. To succeed in such a claim, however, Plaintiff must show that the decision to fire him deprived him of an interest in liberty, or that he had a property interest in his employment. *See Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701 (1972). Mitchell apparently contends that he had a property interest in his continued employment because of the length of his service to the Town.

For the purposes of procedural due process, property interests in employment are "created and their dimensions are defined by existing rules and understandings that stem from an

3

independent source such as state law—rules or understandings that secure certain benefits and support claims of entitlement to those benefits." *Id.* at 577. In this case, the court takes judicial notice of the Town charter, which provides that the Town officers "shall be appointed to serve at the pleasure of the council"; in other words, Mitchell's position could be terminated at will, and therefore he could have no expectation of permanent employment. *See Bishop v. Wood,* 426 U.S. 341, 346, 96 S.Ct. 2074, 2078 (1976).

It is possible that other rules or understandings could provide an expectation of continued employment. *See Perry v. Sindermann,* 408 U.S. 593, 600, 96 S.Ct. 2694, 2699 (1972). However, taking all the complaint's allegations as true, Mitchell has not implied, much less alleged, that there was any such understanding between himself and the council members. Thus, the Town charter's provision necessarily establishes that Plaintiff had no property interest in his continued employment. *Bishop,* 426 U.S. at 346, 96 S.Ct. at 2078.

Plaintiff also argues that his termination infringed upon his liberty interests by damaging his reputation in the community. *See Board of Regents,* 408 U.S. at 573, 92 S.Ct. at 2707. However, in the case of an employee who is terminable at will, if there is no public disclosure of the reasons for the discharge, a termination cannot constitute a deprivation of liberty. *See Bishop,* 426 U.S. at 348, 96 S.Ct. at 2079. Even assuming that all allegations in the Complaint are true, Mitchell's discharge was discussed only in two closed Town Council meetings, and by Mitchell and other Town officials. When the reasons for his termination were known only by Plaintiff and his employers, any slight damage to Mitchell's reputation in his community does not constitute a deprivation of his liberty interest. *See id.*

Moreover, because Plaintiff has not stated a claim for the violation of his procedural due

4

process rights, he cannot claim that the Town conspired to deprive him of those rights. Thus, Count Three of Plaintiff's complaint is dismissed in its entirety.

**B. Substantive Due Process:**

The scope of substantive due process protection is narrow. It is concerned only with state action that is "so arbitrary or irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Rucker v. Harford County*, 946 F.2d 278, 281 (4th Cir. 1991). To state a claim that the Town Council's actions violated his right to substantive due process, Mitchell must show that 1) he had a property interest; 2) that the state deprived him of this property interest; and 3) "that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Sylvia Development Corp. v. Calvert County*, 48 F.3d 810, 827 (4th Cir. 1995) (citing *Love v. Pepersack*, 47 F.3d 120, 122 (4th Cir. 1995).

To decide this issue, the Court need look no further than the second element above. Mitchell contends that his real estate is the property interest at stake in this case. Assuming that the right to own real estate is constitutionally protected, it is nonetheless undisputed that the Town of Culpeper did not deprive Mitchell of his property. Thus, Plaintiff does not state a claim for a violation of substantive due process. Because Mitchell has not been deprived of a property interest, Count II of the complaint is dismissed.

5

Case 3:04-cv-00096-NKM-BWC   Document 14   Filed 08/10/05   Page 5 of 6   Pageid#: 72

## III. CONCLUSION

For the reasons stated above, the Court will dismiss Counts II and III of the Complaint without prejudice. An appropriate Order shall issue this day.

ENTERED: _/s/ Norman K. Moon_
U.S. District Judge

_August 10, 2005_
Date